■ In the Matter of the Claim of DOMINICK FUINA, Respondent, v. ALCO PRODUCTS, INC., Appellant, and SPECIAL DISABILITY FUND, Respondent. WORKMAN'S COMPENSATION BOARD, Respondent.— The determinative finding was that "the employer had no knowledge of a prior permanent disability within the meaning of Section 15, Subdivision 8, of the Workmen's Compensation Law and that the self insured employer is not entitled to Section 15, Subdivision 8, relief." Contrary to appellant's contention, we find no significance in the use of the word "disability"; as we believe that the board intended "impairment" and that, in so thoroughly familiar a field, this was no more than inadvertent error. Concededly, claimant suffered from a congenital defect in that his fifth lumbar vertebra was ankylosed or fused to the sacrum; and upon the record of claimant's pre-employment physical examination, made some seven months prior to the accident, it was noted by a rubber-stamp indorsement, in the imprint of which the words "spine defect" were interpolated in longhand, that: "This man has a permanent physical impairment diagnosed as spine defect which may be an obstacle to employment". The board was not bound to find that such a legend, expressive of a legal principle or conclusion and rubber-stamped upon a report of physical examination, constituted preponderant evidence that the self-insured employer had reached a considered and "informed" judgment and decision (*Matter of Alpert* v. *Tower Brand Yarn Corp.*, 16 A D 2d 193, 194; *Matter of Weinberger* v. *Zeibert & Sons*, 2 A D 2d 908) as to the condition and whether, in fact, it was likely to be a hindrance or obstacle to employment. Indeed, the plant physician, although testifying generally to a physical handicap, at one point was asked whether the handicap was a hindrance to employment, and answered, "Technically, yes"; and his report of physical examination listed as other "impairments" such seemingly inconsequential defects as a deformity of the bridge of the nose, a scar above it and a scar in the eyebrow. He testified that the "B" employment classification to which claimant had been assigned included more than 50% of appellant's employees and had "no

significance in determining whether or not the person is a handicapped person". It may be noted, parenthetically, that the board did not find, and upon this record was not bound to find claimant's disability "materially and substantially greater" because of the pre-existing defect. (Workmen's Compensation Law, § 15, subd. 8, par. [d].) Decision affirmed, with costs to respondent Special Fund. Gibson, P. J., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.